UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Mr. WILLIE CLAUDIUS WATT,<br><br>      Plaintiff,<br><br>v.<br><br>MPD Detective BILLINGTON # 0556,<br>MPD Detective BERNARD MARTINSON,<br>ELIZABETH ANN PEDERSON,<br>FREDERIC JOHNSON HALLA,<br>Judge B. NORD,  MPD BRUCE<br>CARPENTER, MPD TONY DIAZ,<br>MPD HOKANSON #3075, MPD QUEEN,<br>and MINNEAPOLIS, MINNESOTA,<br><br>      Defendants. | Civil No. 07-2229 (JNE/SRN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a).  (Docket No. 2.)   The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed.

Plaintiff commenced this action on May 8, 2007, by filing his IFP application and a civil complaint.  The Court found the complaint to be deficient, because it did not adequately explain why Plaintiff was attempting to sue the various named Defendants. Therefore, by order dated June 1, 2007, (Docket No. 6), the Court ruled that Plaintiff's IFP application would "not be decided at this time."  The order gave Plaintiff thirty days to cure the defects in his original pleading by filing an amended complaint.

Although Plaintiff has now filed an amended complaint, (Docket No. 7), he has not cured the defects found in the original complaint. Plaintiff still has not adequately explained the factual and legal grounds for his lawsuit. The amended complaint does not include a cogent statement of facts describing what each named Defendant allegedly did (or failed to do) that purportedly entitles Plaintiff to a judgment against them. In fact, the amended complaint does not even indicate what (if any) judgment Plaintiff may be seeking in this case. In short, the Court finds that Plaintiff's amended complaint is just as deficient as his initial pleading.[1]

Because Plaintiff has not corrected the pleading defects that the Court identified in the prior order in this matter, he still has not stated an actionable claim. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam) (§ 1915(e)(2)(B)(ii) authorizes district courts to summarily dismiss actions filed by IFP applicants who have failed to plead an actionable claim).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application To Proceed Without Prepayment Of Fees," (Docket No. 2), be **DENIED**; and

---

[1] Plaintiff was advised that he should contact the Volunteer Lawyers Network, and ask that organization to help him find a lawyer to represent him in this matter. Although Plaintiff was strongly encouraged to seek legal assistance before filing an amended complaint, he apparently chose not to follow that recommendation.

2.  This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:   August 20, 2007

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 5, 2007** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.